**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ORION ROBERTS,

   Plaintiff,

v.                                                                                    Case No. 8:21-cv-1935-WFJ-CPT

LIEUTENANT BURTZ, OFFICER R. PEET,
and OFFICER CLOUD,

   Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's Civil Rights Complaint (Doc. 1), filed pursuant to 42 U.S.C. 1983, in which Plaintiff alleges that excessive force was used against him by Lieutenant Burtz, Officer Peet, and Officer Cloud at the Hardee Correctional Institution.

## I. Legal Background

   a. Section 1915

Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) that is frivolous, malicious,

fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Additionally, courts must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    b. <u>Section 1983</u>

Plaintiff's claims arise under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. Cty. Of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97. Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

II. Analysis

Plaintiff alleges the Defendants used excessive force against him while he was confiened Hardee Correctional Institute. Specifically, Plaintiff alleges that, while already restrained, he was "slammed" by Officer Cloud, picked up off the ground by his restraints, was sprayed with chemical agents, and was thrown into the air, dropped, and dragged across the asphalt. (Doc. 1 at 5). Plaintiff alleges that he suffered abrasions and lacerations, some of which required stitches, that one of his fingers was sewn back on and splinted, and that he developed a bone infection while being treated for the injury to his finger. (Doc. 1 at 5). Plaintiff seeks compensatory and punitive damages. (Doc. 1 at 5).

First, Plaintiff sues Defendants Burtz, Peet, and Cloud in their individual and official capacities. A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent — in this case, the Florida Department of Corrections. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). In order to attribute liability to Defendants in their official capacities under Section 1983, Plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Plaintiff has alleged in his Complaint no such policy or custom. Therefore, the official capacity claims against the Defendants are dismissed.

Second, turning to Plaintiff's individual capacity claims of excessive force, Plaintiff names three defendants but fails to describe any specific actions taken by either Defendant Burtz or Peet. Instead, Plaintiff alleges only that he was "abused" by them. (Doc. 1 at 5). His allegations, accordingly, are insufficient to state a claim against those Defendants, and the individual capacity claims against them are denied. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Further, "[u]nder the Eighth Amendment, force is deemed legitimate in a custodial setting if it is 'applied in a good-faith effort to maintain or restore discipline' and not 'maliciously and sadistically to cause harm.' " *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In considering whether force was used maliciously and sadistically, the Court considers:

> **(III)** "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates"; and (5) "any efforts made to temper the severity of a forceful response."

*Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007)). *See also Whitley v. Albers*, 475 U.S. 312, 321 (1986). Thus, the primary inquiry is whether the officers in this case used force for a valid penological reason. *See Wilkins v. Gaddy* 559 U.S. 34, 37 (2010) (citation and internal quotation marks omitted) ("The core judicial inquiry of an Eighth Amended excessive-force claim in a prison setting is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Plaintiff has not alleged the circumstances under which force was used (*e.g.*, his actions before and during the described use of force). Therefore, he has not alleged that the named Defendants maliciously or sadistically intended to cause harm to the Plaintiff without any valid penological reason for the use of force.

### III. Conclusion

Accordingly, and for the reasons set forth herein, it is **ORDERED** that:

1. Plaintiff's claim is **DISMISSED without prejudice** to file an amended complaint **within THIRTY (30) DAYS** of the date of this Order.

    a. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint. On the new form, Plaintiff must mark it as "Amended Complaint."

    b. The amended complaint must include *all* of Plaintiff's claims in this action; it may not refer to or incorporate the original complaint. The amended

complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

2. In the amended complaint, Plaintiff must clearly describe the actions of each named defendant and explain how each defendant violated his constitutional rights.

3. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

4. The Clerk is directed to mail to Plaintiff, along with this Order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE