## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ORION B. ROBERTS,**

              **Plaintiff,**

**v.**                            **Case No:  8:21-cv-1935-WFJ-CPT**

**LT. BURTZ,**
**OFFICER R. PEET, and**
**OFFICER CLOUD,**

              **Defendants.**

_____/

## ORDER

Plaintiff Orion B. Roberts, a convicted and sentenced state prisoner, sues under 42 U.S.C. § 1983.  A prior order (Doc. 10) identified deficiencies in Mr. Roberts' initial Complaint (Doc. 1) and dismissed it without prejudice to filing an amended complaint. In his Amended Complaint (Doc. 11), Mr. Roberts alleges that Defendants Lieutenant Burtz, Officer R. Peet, and Officer Cloud used excessive force against him at the Hardee Correctional Institution. Also, he asserts claims for failing to intervene to prevent the use of excessive force, assault, battery and denial of due process.

Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## I.    Amended Complaint

Mr. Roberts alleges that he was confined at the Hardee Correctional Institution when, at approximately 11:00 p.m. on October 29, 2020, a knife was discovered on the inside of his waistband.  (Doc. 11 at 6)  Officer Durden heard the weapon drop and instructed him to pick it up.  (*Id*.)  Officer Durden "rushed" him and pushed him into the wall.  (*Id*.)  He dropped the weapon.  (*Id*.)  Sergeant Warner became "very aggressive," yelling and spitting in his face.  (*Id*.)  Mr. Roberts placed his head on Sergeant Warner's head and "made a little push with [his] forehead."  (*Id*.)  At that moment, he was slammed to the ground with force but without injury.  (*Id*.)  Then, he stopped all disruptive behavior and complied with all orders.  (*Id*.)

Defendants Burtz, Peet, and Cloud arrived on the scene with leg irons and placed Mr. Roberts in full body restraints.  (*Id*. at 6–7).  Burtz told him he was "about to be 'did in' meaning beat[en] because of [his] actions and [his] headbutting a female officer."  (*Id*. at 7)  The defendants picked him up and forced him to walk.  He asked that the leg irons be loosened so he could walk.  (*Id*.)

Cloud stated that he was not following orders, wrapped his arms around Mr. Roberts, and body slammed him to the ground causing his right middle finger to be broken.  (*Id*.)  The defendants again picked him up and carried him out of the dormitory.  The defendants threw him up in the air to fall on his head.  (*Id*.)

Burtz ordered and allowed his staff to abuse Mr. Roberts because he headbutted a female officer.  (*Id*.)  Also, Burtz himself punched and kicked Mr. Roberts in his head

and ribs.  (*Id.*)  Peet grabbed Mr. Roberts' face and sprayed him with chemical agents in an attempt to suffocate him.  (*Id.*)

Mr. Roberts was permitted a cold shower to wash off the chemical agents. (*Id.* at 8)  Next, he was transported to two different hospitals where his right finger was sown back on and where he received nine sutures for the lacerations on his face.  (*Id.*)

The following day, on October 30, 2020, Mr. Roberts returned to Hardee Correctional Institute and was placed inside a psychiatric cell for observation without cause.  (*Id.*)  On November 7, 2020, he was charged with disciplinary violations for assaulting staff and for possession of a weapon.  (*Id.*)  He was found guilty of the charges.  (*Id.*)  His administrative appeal of that decision was denied.  (*Id.* at 9)

## II.   Analysis

Mr. Roberts sues Burtz, Peet, and Cloud in their individual and official capacities.  In its prior screening order (Doc. 10 at 3), the Court explained that a claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent — in this case, the Florida Department of Corrections. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  To attribute liability to the defendants in their official capacities under Section 1983, Mr. Roberts must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).  Despite having an opportunity to amend his official capacity claims, Mr. Roberts again fails to allege any such policy or custom.

Therefore, the official capacity claims against the defendants are dismissed with prejudice. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

### Excessive force, assault, and battery

Mr. Roberts sues Burtz, Peet, and Cloud in their individual capacities for the use of excessive force, assault, and battery. He alleges that, after he dropped his weapon, stopped all disruptive behavior, complied with all orders, and was placed in full body restraints including leg irons, Burtz punched and kicked him in his head and ribs. He alleges that Peet grabbed his face and sprayed him with chemical agents in an attempt to suffocate him. He alleges that Cloud body slammed him to the ground causing his right middle finger to be broken. These allegations are sufficient to proceed to service of process on the individual capacity claims of excessive force, assault, and battery against Burtz, Peet, and Cloud. *Pullen v. Osceola Cty.*, 861 F. App'x 284, 289 (11th Cir. 2021) ("When jailers continue to use substantial force against a prisoner who has clearly stopped resisting—whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated—that use of force is excessive.") (quotations omitted); *Detris v. Coats*, 523 F. App'x 612, 617 (11th Cir. 2013) (concluding that a parallel state law claim of battery should be allowed to proceed with an excessive force claim).

**Failure to intervene**

Mr. Roberts vaguely alleges that Burtz allowed his staff to abuse him because he headbutted a female officer. "An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (quotations omitted). "But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). Mr. Roberts neglects to describe how Burtz (or another defendant) failed to take reasonable steps to protect him from another officer's use of force, nor does he allege that Burtz (or another defendant) was in a position to do so. Accordingly, the failure to intervene claim must be dismissed without prejudice.

**Procedural due process**

Mr. Roberts vaguely alleges that his procedural due process rights were violated when he was found guilty of disciplinary violations that occurred during the October 29, 2020 incident. "To make out a denial-of-due-process claim under § 1983, a plaintiff must establish three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Quintanilla v. Bryson*, 730 F. App'x 738, 744 (11th Cir. 2018). A protected liberty interest is violated when a state action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Adequate process may consist of as much as "notice, an

5

opportunity for rebuttal at [the prisoner's] initial hearing, and periodic review of [the prisoner's] status every 30 days." *Morefield v. Smith*, 404 F. App'x 443, 446 (11th Cir. 2010).

Mr. Roberts fails to identify a deprivation of any constitutionally-protected liberty or property interest, nor does he describe any state action that interfered with that interest. Mere allegations that he was found guilty of disciplinary violations and that his appeal of that decision was denied are insufficient to state a valid claim. Therefore, the procedural due process claim must be dismissed without prejudice.

## III.  Conclusion

The Court will permit Mr. Roberts another opportunity to amend his Amended Complaint. Accordingly, it is **ORDERED** that:

1. The claims against Defendants Bertz, Peet, and Cloud in their official capacities are **DISMISSED WITH PREJUDICE**.

2. The claims against Defendants Bertz, Peet, and Cloud for excessive force, assault, and battery in their individual capacities, as currently alleged, may proceed to service of process.

3. The claims against Defendants Bertz, Peet, and Cloud in their individual capacities for failing to intervene and for denying Mr. Roberts procedural due process are **DISMISSED WITHOUT PREJUDICE**.

4. If Mr. Roberts wishes to amend his Amended Complaint to remedy the noted deficiencies, he shall file a Second Amended Complaint within **THIRTY DAYS** of the date of this order.

    a. To amend his Amended Complaint, Mr. Roberts should complete a new civil rights complaint form, titling it "Second Amended Complaint."  The Second Amended Complaint must include all of Mr. Roberts's claims in this action and may not refer back to, or incorporate, the original Complaint or the Amended Complaint.  The Second Amended Complaint shall supersede all prior complaints. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    b. The Second Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

5. If Mr. Roberts fails to file a Second Amended Complaint within thirty days, or fails to seek an extension of time to do so, this case shall proceed to service of process on Defendants Burtz, Peet, and Cloud for the claims of use of excessive force, assault, and battery.

6. Mr. Roberts must advise the Court of any change of address.  He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice.  Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

7. The Clerk is **DIRECTED** to mail to Mr. Roberts a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on October 24, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party