UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ORION B. ROBERTS,**

    **Plaintiff,**

v.                                                 Case No:  8:21-cv-1935-WFJ-CPT

**LT. BURTZ,**
**OFFICER R. PEET, and**
**OFFICER CLOUD,**

    **Defendants.**
_____/

## ORDER

    Plaintiff Orion B. Roberts, a convicted and sentenced state prisoner, sues under 42 U.S.C. § 1983.  Two prior screening orders (Docs. 10 and 13) identified deficiencies in Mr. Roberts' initial Complaint (Doc. 1) and Amended Complaint (Doc. 11).  The Court permitted Mr. Roberts another opportunity to plead his claims. (Doc. 13)  He now proceeds on his Second Amended Complaint. (Doc. 14)

    Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the Second Amended Complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The Second Amended Complaint is entitled to a generous interpretation.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

I. **Second Amended Complaint**

Mr. Roberts alleges that he was confined at the Hardee Correctional Institution when, at approximately 11:30 p.m. on October 29, 2020, a search of his cell was conducted. (Doc. 14 at 12) During the search, a pat-down was conducted and a knife fell from his waistband. (*Id.*) Mr. Roberts picked up the knife and gave it to Officer Durden. (*Id.*) Officer Durden "rushed" him, and the two struggled with one another while the weapon remained in Mr. Roberts's hand. (*Id.*) Mr. Roberts dropped the knife, and Officer Durden pushed him to the wall and placed handcuffs on him. (*Id.*)

Sergeant Warner became aggressive and spat in his face. (*Id.*) At that moment, Mr. Roberts "placed [his] forehead on [Sgt. Warner's] forehead and pushed with little force." (*Id.*) Officer Durden slammed him to the ground, and Mr. Roberts ceased all disruptive behavior. (*Id.*)

Defendants Lt. Burtz, Officer Peet, and Officer Cloud arrived on the scene with leg irons and placed Mr. Roberts in full body restraints. (*Id.*) Mr. Roberts was not being disorderly. (*Id.*) He was forced to stand up and walk "while the restrains cut [his] ankles due to the tightness of the leg irons."

Officer Cloud told him he was "about to be 'did in' meaning beaten due to the fact that [he] assaulted Sgt. Warner who was a female corrections officer." (*Id.*) Officer Cloud wrapped his arms around Mr. Roberts in an aggressive manner and slammed him to the ground, breaking his right middle finger. (*Id.*) Next, the defendants again picked him up and carried him out of the dormitory. (*Id.*)

Once they were beyond view of the cameras, the defendants dragged, kicked, and beat Mr. Roberts with extreme force. (*Id*.) Lt. Burtz ordered Officers Cloud and Peet to "do [him] in." (*Id*.) Mr. Roberts was thrown several feet into the air and landed on his face in the hard asphalt, injuring his right eyebrow and chin. (*Id*.) While he was on the ground, Lt. Burtz ordered Officer Cloud to hold his head in a sideways position while Officer Peet sprayed him with chemical agents to suffocate him. (*Id*.) The defendants then carried Mr. Roberts to a shower where he washed off the chemical agents. (*Id*.)

Mr. Roberts was transported to two hospitals where his right finger was sown back on and where he received nine sutures for the lacerations on his face. (*Id*.) As a remedy for his injuries, Mr. Roberts seeks to recover $200,000.00 in compensatory damages. (*Id*. at 5)

II. Analysis

**Excessive force, assault, and battery**

Mr. Roberts alleges that Lieutenant Burtz, Officer R. Peet, and Officer Cloud applied excessive force against him, causing him physical injuries. (Doc. 14 at 12–14) In a prior screening order, the Court set forth the applicable law for an excessive force claim and ruled that Mr. Roberts' allegations were sufficient to proceed to service of process on his individual capacity claims of excessive force, assault, and battery against Burtz, Peet, and Cloud. (Doc. 13 at 4)

**Failure to intervene**

Mr. Roberts alleges that Burtz, Peet, and Cloud failed to intervene in the use of excessive force during the incident on October 29, 2020. In a prior screening order, the Court set forth the applicable law for a failure-to-intervene claim, found that Mr. Roberts' allegations were deficient, and dismissed the failure-to-intervene claim without prejudice. (Doc. 13 at 5)

In his Second Amended Complaint, Mr. Roberts alleges that Lt. Burtz, despite being in the proper position as a lieutenant, failed to take reasonable steps to protect him from the excessive force. (Doc. 14 at 16) He repeats this allegation against both Officers Peet and Cloud, alleging that they failed to take reasonable steps to protect him despite being in a proper position to do so. (*Id*. at 18 and 19) These allegations are sufficient at this stage of the litigation to proceed to service of process on the failure to intervene claim. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008) (an officer who was able to intervene yet failed to do so may be liable).

Finally, despite having an opportunity to amend (Doc. 13 at 5–6), Mr. Roberts appears to have abandoned his procedural due process claim. Accordingly, it is dismissed with prejudice.

### III. Conclusion

Accordingly, it is **ORDERED** that:

1. The procedural due process claim is **DISMISSED WITH PREJUDICE**.

2. The individual capacity claims against Defendants Burtz, Peet, and Cloud for excessive force, assault, battery, and failure to intervene may proceed to service of process.

3. The Clerk shall **MAIL** to Mr. Roberts the service of process forms. He must comply with the instructions provided with the forms and must return the completed forms within **THIRTY DAYS**. Following receipt of the completed forms, the Court will, by separate order, direct the United States Marshals Service to effect service of process. Mr. Roberts's failure to timely comply with this order will result in dismissal of this action without further notice.

**DONE and ORDERED** in Tampa, Florida on January 10, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party